J-S49035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| PIERRE CARLOS CAMERON | |
| Appellant | No. 1879 WDA 2016 |

Appeal from the Judgment of Sentence September 27, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0006725-2016

BEFORE: DUBOW, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED AUGUST 1, 2017**

Appellant, Pierre Carlos Cameron, appeals *nunc pro tunc* from the judgment of sentence entered in the Allegheny County Court of Common Pleas.  Appellant claims that the trial court erred in denying his motion to suppress contraband and a cellphone recovered from his person because the Commonwealth failed to establish reasonable suspicion that he was engaged in criminal activity.  We affirm.

At the suppression hearing, the Commonwealth presented the following evidence.  On April 18 2016, Detective Sheila Ladner of the Pittsburgh Police Department's Narcotics Unit was operating undercover and received texts from the cellphone number associated with Richard Cameron

---

[*] Former Justice specially assigned to the Superior Court.

("Richard").[1]  N.T., 9/27/16, at 3.  Richard was the subject of an ongoing investigation, and his identity, appearance, and cellphone number were known to the detective.  *Id.* at 3-4, 10.  The initial text message indicated that the sender "had heroin to sell."  *Id.* at 3.  Detective Ladner exchanged text messages with the subject phone and arranged a meeting to buy fifty packets of heroin at a residential address on April 20, 2016.  *Id.* at 4-5.

On the day of the buy, Detective Ladner planned a "takedown" of Richard.  *Id.* at 7.  She and her partner proceeded to the prearranged address and waited in a vehicle across the street from the designated address.  *Id.* at 7.  Five other officers were stationed in vehicles in the area.  Detective Ladner observed Appellant arrive on the designated street and stand in front of the designated address.  *Id.* at 6-7.  Appellant appeared to type on his cellphone.  *Id.* at 7.  The detective received a text message that read, "Here."  *Id.*  No other individuals were present at the location.  *Id.*

Upon receiving the text message, Detective Ladner radioed the other officers, who converged on Appellant in their vehicles, exited, and identified themselves as police officers.[2]  Appellant fled, and the detectives pursued him on foot.  Appellant was apprehended and searched incident to arrest.

---

[1] The record does not disclose whether Appellant and Richard are related.

[2] The officers were wearing police vests indicating "Pittsburgh Police," and had badges around their necks.  N.T. at 8.

The officers recovered heroin, marijuana, and a cellphone, which bore the same phone number used to arrange the buy.[3]

Appellant was charged with criminal use of a communication facility,[4] resisting arrest,[5] possession and possession with intent to deliver heroin,[6] and possession of marijuana.[7] Appellant filed a motion to suppress all physical evidence recovered from his person claiming that he was detained without reasonable suspicion when the officers approached him, exited their vehicles, and announced they were police officers. Appellant's Mot. to Suppress, 9/6/16, at 2 (unpaginated).

The trial court conducted a suppression hearing on September 27, 2016, at which Detective Ladner testified. At the conclusion of the hearing, the trial court denied Appellant's suppression motion, finding, *inter alia*, that Detective Ladner possessed reasonable suspicion to detain Appellant. The trial court reasoned that Appellant was the only individual at the prearranged location, the detective observed him texting on a cellphone, and the detective received a text message stating, "Here." N.T. at 16; Trial Ct.

---

[3] The detective confirmed the phone number by calling the subject phone with her cellphone.

[4] 18 Pa.C.S. § 7512(a).

[5] 18 Pa.C.S. § 5104.

[6] 35 P.S. § 780-113(a)(16), (30).

[7] 35 P.S. § 780-113(a)(31).

Op., 4/6/17, at 4. Appellant immediately proceeded to a stipulated nonjury trial at which the trial court found him guilty of all charges. That same day, the trial court sentenced Appellant to two years' probation for criminal use of a communication facility and no further penalty on the remaining offenses.

Appellant did not file post-sentence motions or a timely direct appeal. On November 3, 2016, Appellant filed a motion to reinstate his appellate rights, which the trial court granted on November 10, 2016. Appellant filed a notice of appeal within thirty days and complied with the trial court's order to submit a Pa.R.A.P. 1925(b) statement by February 21, 2017. The trial court has filed a responsive opinion.

Appellant presents the following question for review:

> DID THE TRIAL COURT ERR IN NOT SUPPRESSING THE EVIDENCE WHEN THE POLICE OFFICERS HAD NO REASONABLE SUSPICION TO CHASE, HANDCUFF, AND DETAIN [Appellant] WHEN THE POLICE WERE ACTUALLY INVESTIGATING RICHARD CAMERON, KNEW WHAT RICHARD . . . LOOKED LIKE, BELIEVED THAT IT WAS RICHARD'S CELL PHONE WITH WHOM THEY WERE IN CONTACT; BUT WHEN THEY ARRIVED IN LAWRENCEVILLE, ONLY SAW [Appellant] USING A CELL PHONE?

Appellant's Brief at 5.

Appellant argues that he was seized when the detectives approached him, exited their vehicles, and announced they were police officers. According to Appellant, the Commonwealth failed to establish reasonable suspicion for this seizure because Appellant "was simply not the person that the police were looking for[,]" and Detective Ladner did not observe

Appellant engage in unusual or suspicious activity. *Id.* at 14-15. Appellant emphasizes that his use of a cellphone alone did not suggest criminal activity, and Detective Ladner could not have known that he sent her the text message indicating he was at the buy location. *Id.* Appellant further contends that evidence obtained after the illegal detention, including his flight and possession of the cellphone used to arrange the buy, cannot justify the existence of reasonable suspicion at the time of his detention. *Id.* at 16-17. In sum, Appellant asserts "the police lacked reasonable suspicion in stopping and seizing [him] based on him standing in an alley texting on his cell phone and then running away when five (5) police officers exited their vehicles and yelled 'Pittsburgh Police.'" *Id.* at 19. No relief is due.

The principles governing our review are well settled:

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. The suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

Moreover, appellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress.

\*\*\*

It is well-established that there are three categories of interaction between citizens and police officers. As our Supreme Court has clearly articulated:

The first of these is a "mere encounter" (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an "investigative detention [,]" must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.

\*\*\*

. . . In order to determine whether the police officer had reasonable suspicion, the totality of the circumstances must be considered. In making this determination, we must give "due weight . . . to the specific reasonable inferences [the police officer] is entitled to draw from the facts in light of his experience." Also, the totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, "[e]ven a combination of innocent facts, when taken together, may warrant further investigation by the police officer."

***Commonwealth v. Freeman***, 150 A.3d 32, 34-35, 37 (Pa. Super. 2016) (citations omitted), *appeal denied*, ___ A.3d ___, 853 MAL 2016, 2017 WL 2081215 (Pa. May 15, 2017). The reasonable suspicion standard is a lower standard than probable cause. ***Commonwealth v. Cook***, 735 A.2d 673, 677 (Pa. 1999).

Following our review of Appellant's arguments, the relevant legal principles, and the record, we discern no basis to disturb the trial court's denial of Appellant's suppression motion. As noted by the trial court, Detective Ladner arranged a time and location for the purchase by text messages to a cellphone number. Although the detective believed that she was corresponding with Richard, she observed Appellant arrive at the area of the buy and stand in front of the agreed upon address. She saw Appellant appear to use his cellphone to send a text message, and she then received a text message that indicated the seller was at the location. No other individuals were in the vicinity. Based on the combination of these facts, we agree with the trial court that the Commonwealth established reasonable suspicion to believe Appellant was a participant in the scheduled transaction and to detain him. ***See Freeman***, 150 A.3d at 37. Thus, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2017